IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHBROOK INDUSTRIES, INC. d/b/a UNITED INN AND SUITES, and J.G.,<br><br>    Defendants. | Civil Action File No.<br>1:23-cv-03596-SEG |

### DEFENDANT NORTHBROOK INDUSTRIES, INC.'S
### BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW, Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites ("Northbrook"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 28 U.S.C. § 2201, and submits this Brief in Support of its Motion to Dismiss Plaintiff Northfield Insurance Company's ("Plaintiff" or "Northfield") Complaint for Declaratory Judgment ("Complaint") for lack of standing and failure to state a claim, respectfully showing this Honorable Court the following.

### INTRODUCTION

This action is a coverage dispute concerning Plaintiff's coverage obligations under the commercial policy issued to Northbrook relating to the Underlying Action

1

J.G. commenced based upon Northbrook's ownership of the United Inn and Suites ("United Inn") where third-persons allegedly trafficked J.G. The allegations in *J.G. v. Northbrook Industries, Inc. d/b/a United Inn and Suites*, No. 1:20-cv-05233-SEG, United States District Court for the Northern District of Georgia ("Underlying Action") require Plaintiff to defend Northbrook under the Policy. And Plaintiff's duty to defend is the only issue ripe for determination at this time. Because the Court is yet to affix liability in the Underlying Action, any issues related to Plaintiff's duty to indemnify are not ripe.

As to Plaintiff's specific claims, Plaintiff seeks a declaration that the Policy's "Coverage B" is inapplicable to the Underlying Action. But relevant case law establishes the opposite. Additionally, pertinent authority demonstrates that the Policy's Abuse or Molestation and Assault or Battery endorsements are inapplicable to the Underlying Action.

Because Plaintiff's declaratory judgment claims are not ripe for adjudication as to its indemnification duty and fail as a matter of law as to its defense duty, Plaintiff's Complaint should be dismissed.

## BACKGROUND

**A.   Underlying Facts and Action**

Northbrook owns and operates the United Inn located at 4649 Memorial Drive, Decatur, Georgia, 30032. (Compl., Doc. 1, ¶ 9). J.G. initiated the Underlying

Action alleging, *inter alia*, claims against Northbrook for strict liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and negligent premises liability, stemming from J.G.'s trafficking at the United Inn. (*Id.* ¶¶ 8, 9, 13, 14).

According to the Underlying Action allegations, in 2018 and 2019, J.G. was trafficked at the United Inn for extended periods of time. (Underlying Action Compl., Doc. 1-1, ¶¶ 17, 20, 22, 28). During the time that the traffickers held J.G. at the United Inn, many men visited the room. (*Id.* ¶¶ 20–21, 25). The traffickers kept other women, some of them minors, in the room with J.G. (*Id.* ¶¶ 21, 22, 24). J.G. contends she exhibited visible signs of trafficking and false imprisonment: "physical deterioration; poor hygiene, fatigue, sleep deprivation, injuries," to name a few. (*Id.* ¶ 23). The traffickers carried weapons and stored guns in the room where they housed J.G. (*Id.* ¶ 20, 26).

Plaintiff is currently defending Northbrook in the Underlying Action pursuant to a reservation of rights.[1]

**B.  The Policy**

Plaintiff issued to Northbrook Commercial Insurance Policy No. WS348486, effective July 13, 2018, through and including July 13, 2019. (Policy Pt. 1, Doc. 1-

---

[1] A true and correct copy of the Reservation of Rights is attached hereto and incorporated herein as Exhibit A.

3

2).  The Policy's Coverage A insuring agreement states, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages."  (*Id.* at 33).  The Coverage B insuring agreement provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages."  (*Id.* at 37).

The Policy contains an endorsement excluding coverage for injury "arising out of any act of 'abuse or molestation.'"  (*Id.* at 53).  The Policy defines "abuse or molestation" as "any intentional, reckless or offensive physical contact of a sexual nature with a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected."  (*Id.*).  Also, the Policy contains an Assault or Battery endorsement.  (Policy Pt. 2, Doc. 1-3, at 5).  The Assault or Battery endorsement applies to injury "arising out of any act of 'assault' or 'battery.'"  (*Id.*).  The Assault or Battery Endorsement contains an exclusion for injury "arising out of an 'assault or battery offense' committed at the direction of the insured or that the insured knowingly allowed to happen."  (*Id.* at 6).  The Assault or Battery Endorsement also contains a duplicative Abuse or Molestation endorsement.  (*Id.*).

4

C.  **The Coverage Action**

Plaintiff filed the present action on August 14, 2023, asserting three claims requesting: Count I – a declaration that the Underlying Action does not constitute personal and advertising injury; Count II – a declaration that the Abuse or Molestation endorsement applies to the Underlying Action under Coverages A and B; and Count III – a declaration that the Assault or Battery sublimit endorsement applies to the Underlying Action.

## ARGUMENT AND CITATION TO AUTHORITY

Because a ruling on Plaintiff's duty to indemnify constitutes a purely advisory opinion at this point and applicable case law demands Plaintiff defend Northbrook in the Underlying Action, Plaintiff's Complaint shall be dismissed.

**I. Plaintiff Lacks Standing to Pursue Declaratory Judgment Claims Regarding Indemnification**

Under the oft-echoed and well-established principle, "federal courts are confined by Article III of the Constitution to adjudicating only actual 'cases' and 'controversies.'" *Malowney v. Fed. Collection Deposit Gr.*, 193 F.3d 1342, 1346 (11th Cir. 1999). Mirroring the Constitution, "a declaratory judgment may only be issued in a cause of an 'actual controversy.'" *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (quoting 28 U.S.C. § 2201). Following the foregoing precedent, courts routinely determine that liability must be affixed in the underlying action before declaratory judgment as to indemnification duties ripens. *See, e.g.*, *Mid-*

5

*Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019); *Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 15215749, at *4 (11th Cir. Feb. 3, 2023); *Blue Ridge Mountain Electric Membership Corp. v. Americas Ctr. Corp.*, No. 2:18-cv-1788-RWS, 2020 WL 10619179, at *4, *4 n.2 (N.D. Ga. Nov. 28, 2020).

> In the insurance context, it is well established that an indemnity claim is premature before a determination of the insureds' liability because contingencies giving rise to indemnity may never occur. *Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367, 1372 (N.D. Ga. 2009) (collecting cases). The same advisory opinion concerns apply to this issue." (*Id.*)

*Blue Ridge Mountain Electric Membership Corp. v. Americas Ctr. Corp.*, No. 2:18-cv-1788-RWS, 2020 WL 10619179, at *4 n.2 (N.D. Ga. Nov. 28, 2020).

The Underlying Action is not a final judgment, and it is undisputed that no liability has been imposed against Northbrook.[2] Therefore, no ripe controversy exists with respect to Plaintiff's indemnification obligation. As such, Plaintiff's Complaint requests an impermissible advisory opinion, and Plaintiff lacks standing to pursue a declaratory judgment as to indemnification.

---

[2] A true and correct copy of the Underlying Action Docket is attached hereto and incorporated herein as Exhibit B. The Court is permitted to take judicial notice of the docket. *Cash Inn of Dade, Inc. v. Metro. Dade Cnty*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases.").

## II.  Plaintiff's Attempt to Evade its Defense Obligations Should be Dismissed Pursuant to Rule 12(b)(6)

Because the Underlying Action contains allegations that trigger defense obligations, Plaintiff's Complaint should be dismissed.

### A.  Rule 12(b)(6) Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim examines the legal sufficiency of the complaint. *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). Federal Rule of Civil Procedure 8(a)(2) demands the plaintiff set forth "a short plain statement of the claim showing that the pleader is entitled to relief" to provide the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). Therefore, a complaint is properly dismissed pursuant to Rule 12(b)(6) "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

  B. <u>When an Underlying Actions' Allegations Arguably Fall Within the Policy's Coverage, an Insurer's Declaratory Judgment Claims with Respect to Defense are Properly Dismissed</u>

All that is required for Northbrook's Motion to Dismiss to succeed on the issue of defense is whether the Underlying Action <u>arguably</u> falls within the Policy's coverage. As set forth herein, the Policy, at a minimum, arguably provides coverage for the Underlying Action allegations. Georgia authority dictates Plaintiff's Complaint should be dismissed. *Hous. Specialty Ins. Co. v. Five Paces Inn*, No. 1:19-CV-3319-CAP, 2019 WL 9633224, at *5–8 (N.D. Ga. Dec. 19, 2019) (dismissing insurer's declaratory judgment action where the claim was one of potential coverage under the Policy, and insurer had refused to defend up to exhaustion of the policy limits), *aff'd* 823 F. App'x 897, 900 (11th Cir. 2020) ("We are compelled to resolve all doubts as to an insurer's duty to defend in favor of the insured."); *Evanston Ins. Co. v. Dillard House, Inc.*, No. 2:16-CV-249-RWS, 2017 WL 3498953 (N.D. Ga. June 28, 2017) (same).

  C. <u>When Properly Interpreted under Georgia Law, the Policy Mandates the Plaintiff Provide Northbrook a Defense in the Underlying Action</u>

Interpretation of an insurance policy should "begin, as with any contract, with the text of the contract itself." *Reed v. Auto-Owners Ins. Co.*, 284 Ga. 286, 287, 667 S.E.2d 90, 92 (2008). "In Georgia, insurance contracts are 'liberally construed in favor of coverage.'" *Hous. Specialty Ins. Co. v. Five Paces Inn Co.*, 823 F. App'x 897, 899 (11th Cir. 2020) (quoting *Barrett v. Nat'l Union Fire Ins. Co. of Pittsburgh*,

8

304 Ga. App. 314, 320, 696 S.E.2d 326 (2010)). "If the facts as alleged in the [underlying] complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action. *BBL-McCarthy, LLC v. Baldwin Paving Co.*, 285 Ga. App. 494, 497 646 S.E.2d 682, 685 (2007); *accord Colony Ins. Co. v. Corrosion Control, Inc.*, 187 F. App'x 918, 922 (11th Cir. 2006) (Because alleged injury "'might potentially or arguably fall within the policy's coverage,' [insurer] has a duty to defend.").

> In construing an insurance contract, a court must consider it as a whole, give effect to each provision, and interpret each provision to harmonize with each other. The policy should be read as a layman would read it. Additionally, exclusions will be strictly construed against the insurer and in favor of coverage.

*York Ins. Co. v. Williams Seafood of Albany, Inc.*, 273 Ga. 710, 712, 544 S.E.2d 156, 157 (2001). Likewise, "limitations on liability are always strictly construed" against the insurer. *Jagenberg, Inc. v. Ga. Ports Auth.*, 882 F. Supp. 1065, 1075 (S.D. Ga. 1995); *accord Thompson v. State Farm Fire & Cas. Co.*, 264 F. Supp. 3d 1302, 1320–21 (M.D. Ga. 2017) ("If applying a limitation to an insurance contract would result in the forfeiture of a policy benefit, 'the court will strictly construe the provision against the insurance company, and small circumstances will be sufficient to show waiver by the company.'" (quoting *Gilbert v. S. Tr. Ins. Co.*, 252 Ga. App. 109, 111, 555 S.E.2d 69, 72 (2001))). Following these principles, the Underlying Action implicates Coverage B, and when properly interpreted narrowly against

9

Plaintiff, neither the Abuse or Molestation or Assault or Battery endorsements limit or exclude coverage.

### D. Coverage B Requires Plaintiff to Defend Northbrook in the Underlying Action

Coverage B obligates Plaintiff to defend Northbrook against any "suit" seeking "personal and advertising injury" damages. Plaintiff recognizes that Coverage B carries a duty to defend against actions involving false detention or imprisonment. (Compl., ¶ 32). Nevertheless, Plaintiff claims Coverage B provides no coverage for the Underlying Action.

The Underlying Action and Plaintiff's Complaint contain allegations demonstrating false imprisonment or detention. The TVPRA applies to persons "knowing . . . that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause a person to engage in a commercial sex act . . . ." 18 U.S.C. § 1591(a). According to the allegations, for weeks at a time, the traffickers kept J.G. at the United Inn, monitored and restricted her movements, and ensured she remained at the property. The traffickers were armed at the hotel while monitoring J.G. J.G. also exhibited signs of forceful detainment, including "physical deterioration, poor hygiene, fatigue, sleep deprivation, injuries, a failure to make eye contact, and no control or possession of money." J.G. witnessed the traffickers keeping other women and minors at the United Inn. The traffickers

remained on the hotel premises and in the room with J.G., and many other men visited the room where the traffickers kept J.G.

Each of the foregoing allegations, among others, at a minimum, demonstrates false detention or imprisonment. *See Five Paces Inn*, 2019 WL 9633224, at *6; *see also Mitchell v. Lowe's Home Ctrs., Inc.*, 234 Ga. App. 339, 340–41, 506 S.E.2d 381, 383–84 (1998) (False imprisonment "arises out of words, acts, gestures, or the like, which induce a reasonable apprehension that force will be used if [the victim] does not submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries."). The brandishing or display of a firearm in conjunction with confinement more than arguably establishes false imprisonment. *See Taylor v. State*, 318 Ga. App. 115, 115–16, 733 S.E.2d 415, 417 (2012). In considering a TVPRA claim, the court in *Ricchio v. Bijal, Inc.* determined that the plaintiff's injuries arose, at least in part, on her false imprisonment in getting trafficked to a hotel. 424 F. Supp. 3d 182, 192 (D. Mass. 2019). As such, the injuries arguably arose under Coverage B of the applicable policy. *Id.* at 195. Because the Underlying Action contains allegations of false imprisonment at the United Inn, Coverage B's plain language mandates that Plaintiff defend Northbrook in the Underlying Action. *Dillard House*, 2017 WL 3498953, at *8.

     E.    <u>Because the Underlying Action Contains Allegations, at a Minimum, Arguably Placing the Matter Outside of the Context of the Abuse or Molestation Endorsement, Plaintiff's Count II Should be Dismissed</u>

Plaintiff misinterprets the Abuse or Molestation endorsement in the Policy in an attempt to avoid coverage. The Underlying Action's allegations fall outside of the Abuse or Molestation endorsement. As such, Plaintiff's request for a declaration that the endorsement excludes coverage should be dismissed.

     1.    *Abuse or Molestation, as Defined in the Policy, is not the But For Cause of Northbrook's TVPRA Liability, and Therefore, the Exclusion Does Not Unambiguously Bar Coverage*

As set forth herein, courts interpret exclusions to coverage against the insurer. *See York Ins.*, *supra*. The Policy defines "abuse or molestation" to mean "intentional, reckless or offensive physical contact of a sexual nature with a person without his or her consent that inflicts some injury, regardless of whether the resulting injury inflicted is intended or expected." The Underlying Action is J.G. seeking damages arising out of actions that do not necessarily invoke "abuse or molestation."

The Underlying Action specifically seeks bodily injury arising out of Northbrook's alleged violation of the TVPRA and negligence in failing to maintain a safe premises. As courts interpreting the TVPRA have determined, the TVPRA is not premised on any commercial sex, abuse, or molestation. And, for the provision to apply, abuse or molestation must be the "but for" cause of the insured's liability.

12

*Hous. Specialty Ins. Co. v. Five Paces Inn Co.*, 823 F. App'x 897 (11th Cir. 2020). Here, it is not. The TVPRA prohibits recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting a person to engage in a commercial sex act. 18 U.S.C. § 1591(a),(b). In sum, a violation of the TVPRA occurs <u>before</u> any sexual act occurs. *See Fleites v. Mindgeek S.A.R.I.*, 617 F. Supp. 3d 1146, 1160 (C.D. Cal. 2022) ("[T]he [TVPRA] criminalize[s] the advertisement of minors when the advertisement *aims to lead to a sex act*." (emphasis added)). Because the Underlying Actions seek damages against Northbrook arising out of actions that do not include abuse or molestation, and interpreting the exclusion against the insurer, the Underlying Action damages arguably fall within the Policy's coverage obligating Plaintiff to defend Northbrook.

    2.    *Abuse or Molestation is Not the "But For" Cause of Northbrook's Potential Negligence Liability, Requiring Plaintiff to Continue its Defense*

Likewise, as in *Five Paces Inn*, abuse or molestation is not the "but for" cause of Northbrook's potential negligence liability, premised on Northbrook's alleged negligent failure to maintain a safe, crime-free premises. *See Five Paces Inn*, 923 F. App'x 897. In the Eleventh Circuit decision analyzing an assault or battery limit encompassing abuse or molestation, after the bar closed and patrons exited, a bartender provided a woman two drinks, which rendered her defenseless. *Id.* at 898. A bartender then assaulted and raped the woman. *Id.* The victim sued the bar

alleging premises liability, negligence, and negligence per se. *Id.* At the time, the bar maintained a policy with an assault or battery endorsement limit expressly encompassing abuse or molestation. *Id.* The insurer sought a declaration that it had no coverage obligation beyond the sublimit. *See Hous. Specialty Ins. Co. v. Five Paces Inn Co.*, No. 1:19-CV-03319-CAP, 2019 WL 9633224, at *4 (N.D. Ga. Dec. 19, 2019).

Applying Georgia law, the Eleventh Circuit concluded the endorsement's "arising out of" language required "but for" causation typically used to determine "cause-in-fact for tort claims." *Five Paces Inn*, 923 F. App'x at 899 (quoting *Barrett*, 304 Ga. App. at 320). The Eleventh Circuit ultimately concluded that the sexual assault at the bar did not unquestionably implicate the endorsement and affirmed the district court's dismissal of the insurer's declaratory judgment action on its defense obligations. *Id.* The Court reasoned that even if the victim left the bar after the negligent service of the two drinks, and was assaulted elsewhere, the bar "would still potentially have liability." *Id.*

Here, the *Five Paces Inn* reasoning applies. Accepting that the Underlying Action alleges negligence in the form of premises liability, the "but for" cause of the negligence liability is Northbrook's alleged failure to maintain a safe premises, not any alleged abuse or molestation. If J.G. suffered some other injury on the premises, such as damage to her property, the same negligent, "but for" cause of the injury

controls—the failure to maintain a safe premises resulting in the injury. Therefore, for the reasons set forth in *Five Paces Inn*, the actual "but for" cause of Northbrook's negligence liability, as J.G. alleges, arguably falls outside of the Abuse or Molestation endorsement, mandating that Plaintiff defend Northbrook.

> F. <u>The Assault or Battery Endorsement Does Not Unambiguously Exclude Coverage</u>

The Assault or Battery endorsement does not unambiguously exclude coverage because human trafficking is arguably not encompassed by the endorsement and for the reasons set forth in Section II(E), *supra*. As a result, Plaintiff's Count III should be dismissed.

> 1. *The Court Previously Determined the Assault or Battery Endorsement Does Not Necessarily Exclude Coverage for Actions under the TVPRA*

The question with respect to Plaintiff's Count III is whether the Assault or Battery endorsement necessarily excludes coverage for the Underlying Action. It does not. The Assault or Battery endorsement pertains to coverage "arising out of any act of 'assault' or 'battery' committed by any person." For Plaintiff to obtain a declaration that it has no duty to defend Northbrook, it must demonstrate that there exists no set of facts under which the Underlying Action can fall outside of the Assault or Battery endorsement.

Fortunately, the Northern District of Georgia already answered the question in Northbrook's favor. In *Mesa Underwriters Specialty Ins. Co. v. Khamlai*

15

*Lodging, Inc.*, No. 1:21-CV-2474-TWT, 2022 WL 1135013, at *4 (N.D. Ga. Apr. 18, 2022), Judge Thrash determined, "[T]here is a set of facts in which the[] [trafficking] allegations fall outside of the Policy's assault and battery exclusion." Judge Thrash's determination is sufficient to defeat the declaration Plaintiff seeks in Count III. Because the Underlying Action contains no allegations of assault or battery separate and apart from trafficking, in line with *Khamlai Lodging*, there is a set of facts in which the Underlying Action's allegations fall outside of the Assault or Battery endorsement.

Further, Plaintiff's Count III should be dismissed under the plain language of the Assault or Battery endorsement. For the "Directed or Knowingly Allowed Acts" exclusion to apply (Compl., ¶ 40), the insured must direct or knowingly allow the assault or battery at issue. But the Underlying Action repeatedly alleges that Northbrook "should have known" about the sex trafficking. (*See, e.g.*, Underlying Action Compl., ¶¶ 2, 11, 23, 25, 27, 29, 32, 45, 46, 53–72, 74, 78, 79). Plaintiff further alleges Northbrook negligently allowed or failed to take action to stop the alleged trafficking or negligently failed to maintain a safe premises leading to trafficking. (*See, e.g., id.* ¶¶ 14, 18, 43, 85–111). Plaintiff's contention that it is entitled to relief based on information Northbrook "should have known" or its negligence does not match the exclusion's language that Northbrook must have directed or knowingly allowed assault or battery. *Cf. Nationwide Mut. Fire Ins. Co.*

*v. Kim*, 264 Ga. App. 548, 551–52 (2008) (finding insurer obligated to defend where intentional acts exclusion did not bar underlying action negligence claims); *see also Allstate Ins Co. v. Steinemer*, 723 F.2d 873, 876 (11th Cir. 875–76) (distinguishing intentional conduct versus foreseeable and negligent conduct).

        2.    *Assault or Battery is Not the "But For" Cause of Northbrook's Alleged Liability*

To avoid repetition, Northbrook incorporates its argument in Section II(E). For the same reasons set forth therein, the Underlying Action does not conclusively establish that assault or battery is the "but for" cause, or any cause, of Northbrook's potential liability. As such, Count III should be dismissed because the Underlying Action alleges potential liability arguably arising outside the confines of the Assault or Battery endorsement.

## CONCLUSION

For the foregoing reasons, Plaintiff's requested declaratory relief fails as to the duty to indemnify on ripeness grounds and on the duty to defend for failure to state a claim upon which relief may be granted. Northbrook respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted, this 26th day of September, 2023.

*/s/ Christopher J. Daniels*
D. Austin Bersinger
Georgia Bar No. 144792
Christopher J. Daniels
Georgia Bar No. 113177
Alexis K. Daenecke
Georgia Bar No. 987588
BARNES & THORNBURG LLP
3340 Peachtree Road, N.E., Suite 2900
Atlanta, Georgia 30326-1092
Tel: (404) 846-1693
Fax: (404) 264-4033
Austin.Bersinger@btlaw.com
CDaniels@btlaw.com
Alexis.Daenecke@btlaw.com

*Counsel for Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites*

## **CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1D, I hereby certify that this pleading has been prepared with Times New Roman, 14-point font, one of the fonts required by this Court in Local Rule 5.1C.

*/s/ Christopher J. Daniels*
Christopher J. Daniels
Georgia Bar No. 113177

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2023, I electronically filed the foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> Philip W. Savrin, Esq.
> Rachael Slimmon, Esq.
> FREEMAN MATHIS & GARY, LLP
> 100 Galleria Parkway, Suite 1600
> Atlanta, GA 30339-5948

> _/s/ Christopher J. Daniels_
> Christopher J. Daniels
> Georgia Bar No. 113177