# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHBROOK INDUSTRIES, INC. d/b/a UNITED INN AND SUITES, and J.G.,<br><br>    Defendants. | Civil Action File No.<br>1:23-cv-03596-SEG |

### DEFENDANT NORTHBROOK INDUSTRIES, INC.'S
### REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites ("Northbrook") replies in support of its Motion to Dismiss (Doc. 7) as follows.

**I.  Plaintiff Northfield Insurance Company ("Plaintiff") Entirely Ignores the Ample Authority Northbrook Advanced Demonstrating Plaintiff Lacks Standing to Pursue a Declaration Regarding its Indemnification Duty at This Time.**

Plaintiff fails to address the lineage of authority Northbrook included in its Brief Supporting its Motion to Dismiss setting forth that Plaintiff's indemnification obligation is premature under Article III of the Constitution and the Declaratory Judgment Act because any loss is currently speculative.  (*See* Northbrook's Br. Supp. Mot. to Dismiss, Doc. 7-1, at 5–6).  Instead, Plaintiff misconstrues applicable

1

law and cites inapplicable authority to try to force its unripe claims through at this stage.

At the outset, the case upon which Plaintiff relies, *Progressive Mountain Ins. Co. v. Chen*, No. 1:21-CV-00086-JPB, 2022 WL 596791, at *3 (N.D. Ga. Feb 28, 2022), is easily distinguished. (Pl.'s Br. Opp'n Mot. to Dismiss, Doc. 13, at 6). Specifically, the Court found standing based on the respondent's demand to the petitioner. *Id.* at *3. Plaintiff's Complaint fails to allege that it has received a demand for payment potentially generating the controversy found in *Chen*. Plaintiff's omission is because Plaintiff has not received a demand. Plaintiff's attempt to jump the gun for an advisory opinion without an actual dispute demonstrates that this motion to dismiss with respect to Plaintiff's duty to indemnify should be granted.

Clearly, Plaintiff realized it prematurely filed the present action with respect to indemnity. Plaintiff argues that the controversy here is "especially live" because Plaintiff filed an action seeking a declaration as to its duty to indemnify. (Pl.'s Br. Opp'n Mot. to Dismiss, at 7). Conspicuously, Plaintiff fails to include any authority for this proposition, likely because it directly contradicts Article III and the Declaratory Judgment Act. Broken down, Plaintiff circularly argues that because it filed suit, an actual controversy exists. If a plaintiff's filing of an action generated the live controversy, every action would be an actual case and controversy. This is

precisely why the Constitution and Declaratory Judgment Act require the Court's independent review of the most "fundamental [principle] to the judiciary's proper role" requiring courts to only entertain "actual cases or controversies," to avoid decisions on nonjusticiable issues just because the plaintiff decided to file suit. *See Trichell v. Midland Credit Mgmt.*, 964 F.3d 990, 996 (11th Cir. 2020).

In a last effort to request an advisory opinion on its duty to indemnify, Plaintiff attempts to confuse the duty to defend and duty to indemnify. Plaintiff argues that its declaratory judgment claims regarding its duty to indemnify are justiciable solely because the duty to defend declaratory judgment claims present a justiciable issue— though the claims for declarations on the duty to defend are dismissed for other reasons. *See* Sections II, III, & IV, *infra*. Georgia insurance law holds that the duty to defend and duty to indemnify "are distinct and separate" and "require different obligations." *N. Ill. Gas Co. v. USIC, LLC*, No. 21-13377, 2023 WL 2977784, at *13 (11th Cir. Apr. 18, 2023) (applying Georgia law); *Nautilus Ins. Co. v. Flor*, 801 F. App'x 703, 707 (11th Cir. 2020) ("It is a well-settled principle of Georgia law that the duty to defend and the duty to indemnify are different obligations."). The duties cannot simply be lumped together to create a justiciable issue as to the duty to indemnify. *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 772 (11th Cir. 2019) (noting in dicta that the duty to defend may be ripe while the duty to indemnify may be premature); *Nationwide Mut. Fire*

*Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367, 1372, 1379–80 (N.D. Ga. 2009) (finding underlying allegations arguably within coverage obligating insurer's duty to defend **and** dismissing insurer's declaratory judgment claims regarding its duty to indemnify as premature). Northfield provides no authority demonstrating otherwise. (*See* Pl.'s Br. Opp'n Mot. to Dismiss, at 7).

Because Plaintiff fails to establish its request for an advisory opinion on its duty to indemnify is properly before the Court, Plaintiff's claims for a declaration with respect to its duty to indemnify should be dismissed.

**II.    Plaintiff Offers Nothing to Demonstrate that the Abuse or Molestation Endorsement Unambiguously Excludes Coverage.**

Because Plaintiff fails to plausibly show that the abuse or molestation endorsement unambiguously excludes coverage, Plaintiff's claim for declaratory judgment with respect to same should be dismissed.

   A.    <u>Plaintiff Confusingly Argues Coverage A Does Not Provide Coverage, But the Request for Such a Declaration is Nowhere in Plaintiff's Complaint; Therefore, No Request Exists for A Declaration with Respect to Coverage A.</u>

Before moving to the abuse or molestation endorsement, Plaintiff attempts to argue that the Policy's Coverage A affords no coverage. But Plaintiff's Complaint tells a different story. Plaintiff did not seek a declaration with respect to Coverage A in its Complaint, waiving the issue. Plaintiff argues as if Northbrook brought this action. But Plaintiff filed this action, not Northbrook.

In litigation, the plaintiff initiates the proceeding with the Complaint providing notice of the scope of the relief sought. Plaintiff's Complaint asserts three claims for declaratory judgment: Count I – A Declaration that the J.G. Claims do not Constitute Personal and Advertising Injury under Coverage **B** in the CGL Form; Count II – A Declaration that the Abuse or Molestation Exclusions Apply to J.G.'s Claims under Coverages A and B in the CGL Form; and Count III – A Declaration that Exclusions in the Assault or Battery Endorsement Apply to J.G.'s Claims. (Compl., ¶¶ 30–41). Nowhere in the declaratory judgment claims or the remainder of the Complaint does Plaintiff seek a declaration that the Policy provides no coverage for the Underlying Action under Coverage A.

It is well-established that a "[p]laintiff may not amend [a complaint] in response to [a] [m]otion to [d]ismiss." *Harden v. Honeywell Int'l, Inc.*, No. 1:23-cv-00176-JPB, 2023 WL 3310172, at *3 (N.D. Ga. May 8, 2023) (citing *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015); *see also Dorman v. Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022). Plaintiff provides no authority to establish its never-before-recognized-theory that a plaintiff may assert new request for a declaration as to coverage in response to a motion to dismiss.

Further undermining Plaintiff's argument, Plaintiff expressly seeks a declaration regarding coverage under Coverage B. Because the Complaint only seeks declarations that exclusions and sublimits apply to Coverage A, but nothing

5

with respect to the grant of coverage under Coverage A, Plaintiff necessarily admits that Coverage A provides coverage.

> B.   <u>Plaintiff's Declaration with Respect to the Abuse or Molestation Endorsement is Properly Dismissed.</u>

Next, Plaintiff, without citation, incorrectly states Georgia law with respect to its duty to defend in response to Northbrook's motion to dismiss Plaintiff's declaratory judgment claim that the abuse or molestation endorsement unambiguously excludes coverage. Plaintiff claims "[t]he question is not whether all of J.G.'s claims are based on 'abuse or molestation' but instead whether <u>any</u> claims based on 'bodily injury' would be excluded under the policy." (Pl.'s Br. Opp'n Mot. to Dismiss, at 11). Georgia law reaches a different conclusion. If even a single Underlying Action claim arguably falls within coverage, the insurer has an obligation to defend the entire action. *HDI-Gerling Am. Ins. Co. v. Morrison Homes, Inc.*, 701 F.3d 662, 666 (11th Cir. 2012) (applying Georgia law).

To that end, remarkably, Plaintiff does nothing to respond to the authority in Northbrook's brief establishing that the abuse or molestation endorsement does not unambiguously bar coverage. This is likely because Plaintiff misunderstands the standard under which it is being evaluated. The question is not whether a plaintiff-insurer plausibly alleges that the "abuse or molestation" exclusion applies, as Plaintiff claims. (Pl.'s Br. Opp'n Mot. to Dismiss, at 11). When an insurer is seeking a declaratory judgment that an exclusion bars its defense coverage, to survive

dismissal, the plaintiff must plausibly allege that under no set of facts could the underlying allegations fall outside of the exclusion and within coverage, and the exclusion is interpreted in favor of the insured.  (*See* Northbrook's Br. Supp. Mot. to Dismiss, at 8, 9).  Starting with the incorrect standard, Plaintiff fails to show that it has plausibly alleged that under no set of facts could any Underlying Action allegations fall outside of the abuse or molestation endorsement, warranting dismissal.  (*Id.*).  Therefore, Plaintiff's claim for a declaratory judgment with respect to the abuse or molestation endorsement should be dismissed.

**III.   Plaintiff Intentionally Ignores the Underlying Action Allegations and the Requirements of a Trafficking Victims Protection Reauthorization Act ("TVPRA") Claim to Argue the Policy's Coverage B Provides No Coverage**

Plaintiff makes no attempt to dispute that the Underlying Action allegations satisfy the definition of "personal and advertising injury" with respect to "false arrest, detention, or imprisonment."  Therefore, Plaintiff concedes the Underlying Action alleges J.G.'s false imprisonment meet the definition of "personal and advertising injury" for coverage under Coverage B.

The only issue raised by Plaintiff is whether the Underlying Action alleges that the false imprisonment was "committed by or on behalf of the insured."  A cursory review of the Underlying Action allegations and the TVPRA reveals that the false imprisonment was arguably committed by or on behalf of Northbrook.

Beginning with the TVPRA, it is a cause of action:

- Against "whoever knowingly *benefits*, financially or by receiving anything of value from *participation in a venture* which that person *knew or should have known* has engaged in violation" of the TVPRA. 18 U.S.C. § 1595(a); (Underlying Action Compl., Doc. 1-1, ¶ 2(a) (emphasis added)).

The Underlying Action Complaint continues:

- "Northbrook knowingly benefited from participation in a venture which it knew or should have known engaged in an act in violation of the TVPRA because it (i) rented the rooms at the United Inn in which Plaintiff was sex trafficked; (ii) collected fees for rental of those rooms; and (iii) did so notwithstanding that it knew or should have known that Plaintiff was a victim of sex trafficking." (Underlying Action Compl., ¶¶ 2(a), 18).

- "At all times relevant hereto, Northbrook directed, operated, supervised, monitored, managed, and/or employed all employees, agents, representatives, managers, directors, and other staff at the United Inn, giving Northbrook specific and direct knowledge of crimes and sex trafficking at the hotel during the relevant period." (*Id.* ¶ 10).

- "Northbrook chose to profit from the sex trafficking of Plaintiff, rather than to take reasonable and known steps to prevent, identify, and deter sex trafficking at the United Inn. In doing so, the Defendant participated in, facilitated, condoned, or ignored the sex trafficking of Plaintiff." (*Id.* ¶ 11).

- Northbrook took actions to allow sex trafficking and failed to take actions to protect invitees.  (*See id.* ¶ 15).

- "Plaintiff was sex trafficked as the United Inn by multiple traffickers over 2018 and 2019.  Plaintiff's sex traffickers carried weapons and operated openly and brazenly on the hotel's premises, common areas, and approaches."  (*Id.* ¶ 20).

- "Northbrook sells condoms behind the front counter of the hotel.  On information and belief, Northbrook employees, agents, and/or representatives sold condoms to sex traffickers, purchasers of commercial sex, and victims of trafficking." (*Id.* ¶ 33).

- "Northbrook's employees, agents, and/or representatives allowed, condoned, assisted, and facilitated Plaintiff's minor sex trafficking at the United Inn by, among other things, acting as lookouts for Plaintiff's traffickers and informing the traffickers of police activity at the hotel as well as warning Plaintiff's traffickers about guest complaints and high visitor traffic drawing unwanted attention. (*Id.* 39).

- *See also id.* ¶¶ 27, 28, 36, 37, 40, 42.

These Underlying Action allegations, in sum, assert that J.G. was trafficked at the United Inn, which included J.G.'s false imprisonment at the United Inn, and that Northbrook benefitted from and assisted the traffickers in carrying out the foregoing.

9

In interpreting insurance contracts, "words in the contract generally bear their usual and common meaning." *Auto-Owners Ins. Co. v. Parks*, 278 Ga. App. 444, 446, 629 S.E.2d 118 (2006). Georgia law looks to dictionary definitions to supply the "usual and common meaning of a word." *Id.* (citing *Lemieux v. Blue Cross & Blue Shield of Ga.*, 216 Ga. App. 230, 231, 453 S.E.2d 749 (1995)). "On behalf of someone" is an idiom meaning "for the benefit of someone." MERRIAM-WEBSTER, *On Behalf of Someone*, https://www.merriam-webster.com/dictionary/on%20behalf%20of%20someone#:~:text=1,someone%20%3A%20in%20support%20of%20someone (last visited Nov. 12, 2023). As the alleged beneficiary of J.G.'s trafficking and the false imprisonment permitting the trafficking, it is, at minimum, arguable that the false imprisonment was committed, in part, by or on behalf of Northbrook due to Northbrook allegedly causing the false imprisonment or the false imprisonment occurring for Northbrook's benefit.

Plaintiff's reliance on *Nationwide Prop. & Cas. Ins. Co. v. Sewell Vault & Monument, Inc.*, No. 3:11-cv-92-TCP, 2012 WL 13028694 (N.D. Ga. Feb. 13, 2012) and *Citizens Ins. Co. of Am. v. Banyan Tree Mgmt., LLC*, 631 F. Supp. 3d 1256 (N.D. Ga. 2022), are unpersuasive. Unlike here, there was no argument in *Sewell* that the landlord somehow benefitted from the cemetery's desecration of the plaintiff's relatives' gravesite. *See generally Sewell.* Similarly, there is nothing in *Banyan* to

suggest a hotel employee's secret filming of a guest benefitted the hotel.[1]  *See generally Banyan*.  But J.G. alleges, and the TVPRA requires her to show if she is to succeed on her claim, that Northbrook knew of and benefitted from the trafficking.

For these reasons, Coverage B arguably provides coverage based on the Underlying Action allegations of false imprisonment and Northbrook's participation in and benefit therefrom, defeating Plaintiff's declaratory judgment claim based on its obligation to provide a defense under Coverage B as a matter of law.

## IV. Plaintiff Fails to Respond to Northbrook's Argument Explaining Why the Underlying Allegations Arguably Fall Outside of the Assault or Battery Endorsement.

With respect to Northbrook's motion to dismiss Plaintiff's request for a declaration that the assault or battery endorsement limits coverage, Plaintiff misinterprets its Complaint and Northbrook's motion to dismiss.  First, Plaintiff specifically seeks a declaration that the exclusions in the assault or battery endorsement apply to bar coverage. (Compl., ¶¶ 39–41).  Northbrook's motion to dismiss does not argue that the exclusions to the assault or battery endorsement are

---

[1] Also, *Banyan* provides no support for Plaintiff's claim for a separate reason because Plaintiff misstates the holding in *Banyan*.  Plaintiff's citation directs to the *Banyan* decision recognizing the insurer's "on behalf of" argument but finding coverage under a different provision of the policy. (Pl.'s Br. Opp'n Mot. to Dismiss, at 12 (citing *Banyan*, 631 F. Supp. 3d at 1278)).  But, importantly, the *Banyan* decision did not expressly find that the "on behalf of" provision failed to provide coverage.

11

inapplicable. Northbrook argues that the assault or battery endorsement itself is inapplicable because the Underlying Allegations allege conduct arguably not constituting assault or battery. *See Messa Underwriters Specialty Ins. Co. v. Khamlai Lodging, Inc.*, No. 1:21-CV-2474-TWT, 2022 WL 1135013, at *4 (N.D. Ga. Apr. 18, 2022). Plaintiff offers no response to this argument.

Instead, Plaintiff argues first that "Northbrook puts the exclusions in front of the grant of coverage." (Pl.'s Br. Opp'n Mot. to Dismiss, at 14). To be clear, Northbrook is specifically arguing about the assault or battery grant of coverage to show that the endorsement, including its sub-limit and exclusions, is inapplicable. Because the Underlying Allegations arguably do no constitute assault or battery, coverage is not excluded or limited. And again, Plaintiff fails to address this argument.

Next, Plaintiff again argues that J.G.'s claims are plausibly not "bodily injury." But as previously noted, Plaintiff's Complaint does not seek a declaration that J.G.'s alleged injuries are not "bodily injury" and fails to seek a declaration that Coverage A provides no coverage. *See* Section II, *supra*. And Northbrook specifically argues that the assault or battery endorsement is inapplicable based on the meaning of "assault and battery," and therefore, the definitions of bodily injury fails to factor into this analysis.

Then, Plaintiff argues that the assault or battery endorsement coverage is excluded pursuant to the assault or battery endorsement's abuse or molestation exclusion. Again, Plaintiff's argument is irrelevant because it has not demonstrated the assault or battery endorsement unambiguously applies for the endorsement's exclusions to apply. Lastly, Plaintiff repeats is argument that Coverage B is applicable, which is discussed in Section III, *supra*.

Because Plaintiff fails to demonstrate the assault or battery endorsement unambiguously applies, Plaintiff's claim requesting a declaration with respect to the exclusions contained in the assault or battery endorsement should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint for declaratory judgment should be dismissed in its entirety.

Submitted this 13th day of November, 2023.

>*/s/ Christopher J. Daniels*
>D. Austin Bersinger
>Georgia Bar No. 144792
>Christopher J. Daniels
>Georgia Bar No. 113177
>BARNES & THORNBURG LLP
>3340 Peachtree Road, NE, Suite 2900
>Atlanta, GA 30326
>Telephone (404) 264-4026
>Facsimile (404) 264-4033
>Email: Austin.Bersinger@btlaw.com
>Email: CDaniels@btlaw.com
>
>*Counsel for Northbrook Industries, Inc.*
>*d/b/a United Inn and Suites*

## **CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1D, I hereby certify that this pleading has been prepared with Times New Roman, 14-point font, one of the fonts required by this Court in Local Rule 5.1C.

>*/s/ Christopher J. Daniels*
>Christopher J. Daniels
>Georgia Bar No. 113177

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November, 2023, I electronically filed the foregoing **DEFENDANT NORTHBROOK INDUSTRIES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Philip W. Savrin, Esq.
Rachael Slimmon, Esq.
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

*/s/ Christopher J. Daniels*
Christopher J. Daniels
Georgia Bar No. 113177