**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **NORTHFIELD INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION FILE** |
| v. | ) ) | **No. 1:23-cv-03596-SEG** |
| **NORTH BROOK INDUSTRIES, INC. d/b/a UNITED INN AND SUITES; and J.G.,** | ) ) ) ) ) | |
| Defendants. | ) ) | |

**SUR-REPLY BRIEF IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff Northfield Insurance Company ("Northfield") submits this sur-reply brief in opposition to the motion to dismiss filed by Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites ("Northbrook"). (Doc. 7.) Northfield responds in this brief to Northbrook's referenced to dictionary definitions to construe the meaning of the phrase "on behalf of" in the policy. (Doc. 21.)

**FACTS**

In its response brief, Northfield showed that the Underlying Lawsuit for which Northbrook seeks coverage does not plausibly trigger for "personal and advertising injury" under Coverage B of the insurance policy. (Doc. 13, pp. 11-13.) In pertinent part, an endorsement entitled "Combination Endorsement Personal and Advertising Injury Liability," defines the term "personal and advertising injury" as an "injury

caused by one or more of the following offenses committed by or *on behalf of the insured*: (1) False arrest, detention or imprisonment, provided that the claim is made or the "suit" is brought by a person who claims to have been falsely arrested, detained or imprisoned." (Doc. 1-3, p. 2) (emphasis added). Because there is no allegation that J.G. was detained "by" Northbrook or "on" its behalf, the grant of coverage for "personal and advertising injury" does not apply.

In its reply brief, Northbrook suggests that "on" its behalf could mean "for its benefit." (Doc. 21, p. 10.) From that premise, Northbrook contends that J.G.'s detention by her trafficker falls within the grant of coverage given the allegations that Northbrook benefited financially from the rental paid for the rooms. (Id.) However, Northbrook's own citation defeats that contention as explained below.

## **ARGUMENT**

The "cardinal rule" in construing policies is to "determine and carry out the intent of the parties." *Nat'l. Cas. Co. v. Ga. School Bds. Assoc.-Risk Mgmt. Fund*, 304 Ga. 224, 228, 818 S.E.2d 250, 253 (Ga. 2018). "In construing a contract of insurance to ascertain the intent of the parties, the court should give a term or phrase in the contract its ordinary meaning or common signification as defined by dictionaries, because they supply the plain, ordinary, and popular sense unless the words are terms of art. OCGA § 13–2–2(2)." *W. Pac. Mut. Ins. Co. v. Davies*, 267 Ga. App. 675, 678, 601 S.E.2d 363, 367 (2004). "[A] preferred construction will

2

give effect to each provision … and not render any of the policy provisions meaningless or mere surplusage." *Nat'l., Cas. Co.*, 304 Ga. at 228, 818 S.E.2d at 253.

Given these rules, Northfield does not fault Northbrook for turning to a dictionary to find the "ordinary meaning" of the phrase, "on behalf of." Yet in doing so, Northbrook quoted the online version of Merriam-Webster Dictionary which provides three *separate* definitions, as follows:

> 1: as a representative of someone
> 2 *or US* in behalf of someone *or* in someone's behalf : for the benefit of someone : in support of someone
> 3: because of someone

MERRIAM-WEBSTER, *On Behalf of Someone,* https://www.merriam-webster.com/dictionary/on%20behalf%20of%20someone (last visited Nov. 28, 2023). Northbrook then cherry-picked the second definition of "***in***" behalf of someone as meaning "for the benefit of someone," ignoring the same dictionary's definitions of "***on***" behalf of someone—the actual phrase in the policy— as "a representative of someone" or "because of someone." Different words must have different meanings, such that "***in***" behalf of someone must mean something other than "***on***" someone's behalf. Likewise, "on behalf of" is defined by Collins Dictionary to mean "speaking for; representing." https://www.collinsdictionary.com/us/dictionary/english/on-behalf-of. *No reading of J.G.'s complaint could support an allegation that her trafficking was acting for*

3

*Northbrook, let alone "representing" Northbrook through J.G.'s detention.*

The divergence between the phrases "on behalf of" and "in behalf of" is reflected in sources other than Merriam-Webster Dictionary as well. For example, The Oxford Advanced Learner's Dictionary differentiates between the terms as follows:

> in behalf of somebody | in somebody's behalf
> *(US English)* in order to help somebody
>
> on behalf of somebody | on somebody's behalf
> as the representative of somebody or instead of them

OXFORD ADVANCED LEARNER'S DICTIONARY, *Behalf*, https://www.oxfordlearnersdictionaries.com/us/definition/english/behalf (last visited Nov. 28, 2023). Consistent with the Merriam-Webster Dictionary, "on behalf of" means "as the representative of somebody or instead of them," whereas "in behalf of" means "in order to help somebody." *See also* https://www.grammarbook.com/blog/definitions/in-behalf-of-vs-on-behalf-of/ (explaining that "in behalf of" means "for the benefit, advantage, or interest" of another, "on behalf of" means "as the agent of," "in place of," or "on the part of.")

As recognized by all these sources, this distinction makes a marked difference when applied to the policy language that would require J.G.'s sex trafficker to have detained her *as Northbrook's agent or representative*. In turn, because there are no allegations that the sex trafficker acted "on" Northbrook's behalf, her claim against

4

Northbrook does not fall within the grant of coverage for "personal and advertising injury" that was committed "by or on behalf of" Northbrook. [1]

In sum, J.G. does not allege that her trafficker acted "on" Northbrook's behalf in detaining her. Northfield has thus plausibly alleged that J.G.'s claim does not fall within the definition of "personal and advertising injury" in the policy. Accordingly, Northbrook's motion should be denied.

**FREEMAN MATHIS & GARY, LLP**

Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Rachael Slimmon
Georgia Bar No. 831661
rslimmon@fmglaw.com
*Attorneys for Plaintiff*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)

---

[1] Even if "on behalf of" could mean meant "for" someone's benefit, as Northbrook posits, the construction would require that the sex trafficker detained J.G. "for" Northbrook's benefit. Even though J.G. alleges that Northbrook received rent for the rooms the trafficker used, she was detained to benefit the trafficker in terms of payment for providing access to J.G. Any incidental benefit to Northbrook could hardly be construed as sex trafficking "for" Northbrook so as to be "in" its behalf.

## **CERTIFICATE OF COMPLIANCE**

As required by Local Rule 7.1D, I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).

                Philip W. Savrin
                Georgia Bar No. 627836
                psavrin@fmglaw.com

                *Attorney for Plaintiff*
                *Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(833) 330-3699 (telephone)
(770) 937-9960 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

D. Austin Bersinger
Christopher J. Daniels
Alexis K. Daenecke
BARNES & THORNBURG LLP
3340 Peachtree Road, N.E., Suite 2900
Atlanta, Georgia 30326-1092
*Counsel for Northbrook Industries, Inc. dba Northbrook and Suites*

Richard W. Hendrix
David H. Bouchard
FINCH McCRANIE, LLP
229 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30303
*Counsel for J.G.*

This ____ day of _____, 2023.

Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
*Attorney for Plaintiff*
*Northfield Insurance Company*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(833) 330-3699 (telephone)
(770) 937-9960 (facsimile)